The Honorable John Edmonds State Representative, 112th District State Capitol, Room 556-N Topeka, Kansas 66612
Dear Representative Edmonds:
You inquire whether proposed 2000 House Bill No. 2891 applies to not only telemarketers, but also to other businesses such as real estate agents or car salespersons who solicit business on the telephone but, unlike telemarketers, do not culminate the sales process entirely by telephone.
2000 House Bill No. 2891 (Bill) amends K.S.A. 1999 Supp. 50-670, which regulates how unsolicited telephone calls to consumers are to be conducted[1] and equates a violation with an unconscionable act or practice punishable pursuant to the Kansas Consumer Protection Act.[2]
The Bill defines a "consumer telephone call" as:
 "[A] call made by a telephone solicitor to a consumer for the purpose of soliciting a sale of any property or services to the person called, or for the purpose of soliciting an extension of credit for property or services to the person called , or for the purpose of obtaining information that will or may be used for the direct solicitation of a sale of property or services to the person called or an extension of credit for such purposes."[3]
The Bill exempts certain telephone calls from the definition of an "unsolicited consumer telephone call." A telephone call is not unsolicited when the call is in response to an express request by the person called; made in connection with an existing debt or contract; or made to persons with whom the solicitor or his predecessor has had a business relationship within the preceding thirty-six months.[4] All other consumer telephone calls, as defined above, are subject to the regulation by the act when made by a "telephone solicitor," broadly defined as:
 "[A]ny natural person, firm, organization, partnership, association or corporation who makes or causes to be made a consumer telephone call, including, but not limited to, calls made by use of automatic dialing-announcing device."[5]
Thus the Bill regulates "unsolicited consumer telephone calls" when made by a "telephone solicitor," as defined above, to a consumer for any of these purposes:
(1) soliciting a sale of any property or services;
(2) soliciting an extension of credit for property or services; or
 (3) obtaining information that will or may be used for the direct solicitation of a sale of property or services or an extension of credit for such purposes.
The legislation does not limit its application to "telemarketers," as this term is defined in K.S.A. 50-671(b) dealing with telemarketing fraud. The Bill broadly applies to unsolicited consumer telephone calls and does not distinguish between a telephone call made by a telephone solicitor who uses the telephone to prospect for sales or to promote sales activities, and the telephone solicitor who intends to culminate the sales process entirely by telephone. Accordingly, it is our opinion that the Bill affects not only telemarketers but also other business persons such as car dealers and real estate agents who solicit business on the telephone under these circumstances.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] K.S.A. 1999 Supp. 50-670 (b)
[2] K.S.A. 50-623 et seq.
[3] 2000 HB No. 2891, § 1(a)(1).
[4] Id., § 1(a)(2).
[5] Id., § 1(a)(3).